UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

SEABOARD MARINE LTD, INC.,

  Plaintiff,

vs.

MAGNUM FREIGHT CORP.,
METAL CONVERSIONS LTD. d/b/a METAL SOURCE LLC.,
CVG ALUMINIOS NACIONALES S.A., and
TERMINALES Y ENTREGAS INTERNACIONALES S.A.

  Defendants.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, SEABOARD MARINE LTD. ("SEABOARD") by and through their undersigned counsels and files this their Complaint against Defendants, MAGNUM FREIGHT CORP. ("MAGNUM"), METAL CONVERSIONS LTD. d/b/a METAL SOURCE LLC. ("METAL CONVERSIONS"), CVG ALUMINIOS NACIONALES S.A. ("CVG ALUMINIOS"), and TERMINALES Y ENTREGAS INTERNACIONALES S.A. ("TERMINALES") and further alleges as follows:

## THE PARTIES

1. Plaintiff SEABOARD is a foreign corporation engaged in the business of transporting goods nationwide and internationally by land and water. SEABOARD's principle place of business is located at 8001 NW 79th Avenue, Miami, Florida 33166.

2. Defendant MAGNUM is a Florida Corporation, engaged in the logistics and transportation of goods nationwide, including within Florida. MAGNUM's principle place of business is located at 2600 NW 75 Avenue, Suite 100, Miami, Florida 33122.

3. Upon information and belief, Defendant METAL CONVERSIONS is a foreign corporation engaged in the business of purchasing, shipping, and scrapping metal nationwide. METAL CONVERSIONS is located at 1733 S. Wabash Street, Wabash, Indiana 46992.

4. Upon information and belief, Defendant CVG ALUMINIOS is a Costa Rican corporation engaged in the business of manufacturing, marketing, and the distribution of aluminum based products internationally, including between Costa Rica and the United States. CVG ALUMINIOS is located at Ruta 657 Juanilama Esparaza, Punta Arena, Costa Rica.

5. Upon information and belief, Defendant TERMINALES is a Costa Rican corporation engaged in the business of facilitating the shipment of goods internationally, including between Costa Rica and the United States. TERMINALES is located at 50 Oeste y 50 Sur de Los Tribunales de Justicia de Goicoechea, San Jose, Costa Rica.

6. Pursuant to the terms and conditions of the SEABOARD bill of lading, which governs the relationship between the Parties and forms the basis of this lawsuit it defined a "Merchant" as:

> **the shipper, consignee, receiver, holder of this Bill of Lading, owner of the cargo or person entitled to the possession of the cargo and the servants and agents of any of these, all of whom shall be jointly and severally liable to the Carrier for the payment of all Charges, and for the performance of the obligations of any of them under this Bill of Lading.**

7. Accordingly, pursuant to the subject SEABOARD bill of lading all the following Defendants are considered Merchants for the subject shipment and thus bound to the terms and conditions of the bill of lading: TERMINALES and CVG ALUMINIOS, as

the identified shippers, and MAGNUM and METAL CONVERSIONS, who are listed as the consignees.

**JURISDICTION AND VENUE**

8.  SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

**A.  MAGNUM**

9.  This is an admiralty and maritime claim for indemnity brought pursuant to *28 U.S.C. § 1333* and *Fed.R.Civ.P. 9(h)* and this Court has subject matter jurisdiction over the claims as this dispute concerns breach of a maritime agreement, in the form of a bill of lading, which governs the relationship between the Parties and forms the basis of this lawsuit. This cause of action is maritime in nature as it pertained to the shipments of goods via vessel from a foreign port into the United States and the performance of those services had a direct, substantial, and necessary link to the operation, navigation, or management of vessels which were related to the shipping industry and commerce of the sea.

10. At all times material, personal jurisdiction over MAGNUM for the following reasons:

   a.  Clause 22 of the SEABOARD bill of lading, which forms the basis of this claim between the Parties and freely entered into and binding on MAGNUM as a Merchant, mandates that any and all disputes arising from the subject bill of lading shall only be brought and determined in the "United States District Court for the Southern District of Florida, in Miami, Florida to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country"; and as such the Parties irrevocably submits to the jurisdiction

3

of the federal court sitting in Miami. This forum selection clause is the type that is regularly interpreted and enforced by Federal Courts applying admiralty and maritime law;

b. At all times material hereto, MAGNUM was and still is a Florida for profit corporation that conducts significant business in Florida engaging in the logistics and transportation of goods nationwide, including within Florida; and is thus subject to the personal jurisdiction of this Court.

11. Venue is proper in this district under *28 U.S.C. §1391(c)* since MAGNUM is subject to personal jurisdiction in this district for the following reasons:

a. The SEABOARD bill of lading, which is the contract of carriage the governs the relationship between the Parties was fully or in part negotiated, consummated, and/or executed by representatives of MAGNUM and SEABOARD in Miami-Dade County;

b. MAGNUM breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Miami-Dade County; and

c. MAGNUM engaged in regular, systematic and continuous activity with SEABOARD whose principle place of business is located in Miami-Dade County.

12. All conditions precedent to bringing this action have been performed, satisfied or waived prior to filing this action. SEABOARD has retained the law firm of Blanck, Cooper & Hernandez, PA. to represent its interest in these proceedings and has obligated itself to pay the firm a reasonable attorneys' fee and court costs, which fees

and costs are recoverable from MAGNUM pursuant to paragraph 15 of the SEABOARD bill of lading and applicable law.

**B. CVG ALUMINIOS**

13. This is an admiralty and maritime claim for indemnity brought pursuant to *28 U.S.C. § 1333* and *Fed.R.Civ.P. 9(h)* and this Court has subject matter jurisdiction over the claims as this dispute concerns breach of a maritime agreement, in the form of a bill of lading, which governs the relationship between the Parties and forms the basis of this lawsuit. This cause of action is maritime in nature as it pertained to the shipments of goods via vessel from a foreign port into the United States and the performance of those services had a direct, substantial, and necessary link to the operation, navigation, or management of vessels which were related to the shipping industry and commerce of the sea.

14. At all times material, personal jurisdiction over CVG ALUMINIOS for the following reasons:

    a. Clause 22 of the SEABOARD bill of lading, which forms the basis of this claim between the Parties and freely entered into and binding on CVG ALUMINIOS as a Merchant, mandates that any and all disputes arising from the subject bill of lading shall only be brought and determined in the "United States District Court for the Southern District of Florida, in Miami, Florida to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country"; and as such the Parties irrevocably submits to the jurisdiction of the federal court sitting in Miami. This forum selection

clause is the type that is regularly interpreted and enforced by Federal Courts applying admiralty and maritime law;

b. Upon information and belief, agents and/or representatives of CVG ALUMINIOS as part of its business of manufacturing, marketing, and the distribution of aluminum had regular, systematic, and continuous contact within Florida and therefore, personal jurisdiction is properly exercised pursuant to *Fla. Stat. §48.193(2)* as agents and/or representatives for CVG ALUMINIOS were engaging in substantial and not isolated activities within the State of Florida.

c. CVG ALUMINIOS breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Florida and therefore is subject to jurisdiction in Florida under *Fla. Stat. §48.193(1)(a)(7).*

15. Venue is proper in this district under *28 U.S.C. §1391(c)* since CVG ALUMINIOS is subject to personal jurisdiction in this district for the following reasons:

a. The SEABOARD bill of lading, which is the contract of carriage the governs the relationship between the Parties was fully or in part negotiated, consummated, and/or executed by representatives of CVG ALUMINIOS and SEABOARD in Miami-Dade County;

b. CVG ALUMINIOS breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Miami-Dade County; and

      c.  CVG ALUMINIOS engaged in regular, systematic and continuous activity with SEABOARD whose principle place of business is located in Miami-Dade County.

16. Further, or in the alternative, venue is proper under *28 U.S.C. §1391(d),* since an alien corporation, such as CVG ALUMINIOS, may be sued in any district.

17. Service is proper on the Florida Secretary of State under *Fla. Stat. §48.181* for the following reasons:

      a.  CVG ALUMINIOS is a non-resident corporation engaging and conducting substantial and not isolated business activity (as specifically alleged in paragraph 14(b)) within the State of Florida.

      b.  SEABOARD has diligently searched and has been unable to locate a registered agent nor any other designated agent and/or officers in the State of Florida to accept service of process for CVG ALUMINIOS.

18. All conditions precedent to bringing this action have been performed, satisfied or waived prior to filing this action. SEABOARD has retained the law firm of Blanck, Cooper & Hernandez, PA. to represent its interest in these proceedings and has obligated itself to pay the firm a reasonable attorneys' fee and court costs, which fees and costs are recoverable from CVG ALUMINIOS pursuant to paragraph 15 of the SEABOARD bill of lading and applicable law.

**C.  TERMINALES**

19. This is an admiralty and maritime claim for indemnity brought pursuant to *28 U.S.C. § 1333* and *Fed.R.Civ.P. 9(h)* and this Court has subject matter jurisdiction over the claims as this dispute concerns breach of a maritime agreement, in the form of a bill

of lading, which governs the relationship between the Parties and forms the basis of this lawsuit. This cause of action is maritime in nature as it pertained to the shipments of goods via vessel from a foreign port into the United States and the performance of those services had a direct, substantial, and necessary link to the operation, navigation, or management of vessels which were related to the shipping industry and commerce of the sea.

20. At all times material, personal jurisdiction over TERMINALES for the following reasons:

    a.  Clause 22 of the SEABOARD bill of lading, which forms the basis of this claim between the Parties and freely entered into and binding on TERMINALES as a Merchant, mandates that any and all disputes arising from the subject bill of lading shall only be brought and determined in the "United States District Court for the Southern District of Florida, in Miami, Florida to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country"; and as such the Parties irrevocably submits to the jurisdiction of the federal court sitting in Miami. This forum selection clause is the type that is regularly interpreted and enforced by Federal Courts applying admiralty and maritime law;

    b.  Upon information and belief, agents and/or representatives of TERMINALES engaged in the business of facilitating the shipment of goods internationally and as part of that business had regular, systematic, and continuous contact within Florida and therefore, personal jurisdiction is properly exercised pursuant to *Fla. Stat. §48.193(2)* as agents and/or representatives for

TERMINALES were engaging in substantial and not isolated activities within the State of Florida.

    c.   TERMINALES breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Florida and therefore is subject to jurisdiction in Florida under *Fla. Stat. §48.193(1)(a)(7)*.

21. Venue is proper in this district under *28 U.S.C. §1391(c)* since TERMINALES is subject to personal jurisdiction in this district for the following reasons:

    a.   The SEABOARD bill of lading, which is the contract of carriage the governs the relationship between the Parties was fully or in part negotiated, consummated, and/or executed by representatives of TERMINALES and SEABOARD in Miami-Dade County;

    b.   TERMINALES breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Miami-Dade County; and

    c.   TERMINALES engaged in regular, systematic and continuous activity with SEABOARD whose principle place of business is located in Miami-Dade County.

22. Further, or in the alternative, venue is proper under *28 U.S.C. §1391(d),* since an alien corporation, such as TERMINALES, may be sued in any district.

23. Service is proper on the Florida Secretary of State under *Fla. Stat. §48.181* for the following reasons:

    a.  TERMINALES is a non-resident corporation engaging and conducting substantial and not isolated business activity (as specifically alleged in paragraph 20(b)) within the State of Florida.

    b.  SEABOARD has diligently searched and has been unable to locate a registered agent nor any other designated agent and/or officers in the State of Florida to accept service of process for TERMINALES.

24. All conditions precedent to bringing this action have been performed, satisfied or waived prior to filing this action. SEABOARD has retained the law firm of Blanck, Cooper & Hernandez, PA. to represent its interest in these proceedings and has obligated itself to pay the firm a reasonable attorneys' fee and court costs, which fees and costs are recoverable from TERMINALES pursuant to paragraph 15 of the SEABOARD bill of lading and applicable law.

### D.  METAL CONVERSIONS

25. This is an admiralty and maritime claim for indemnity brought pursuant to *28 U.S.C. § 1333* and *Fed.R.Civ.P. 9(h)* and this Court has subject matter jurisdiction over the claims as this dispute concerns breach of a maritime agreement, in the form of a bill of lading, which governs the relationship between the Parties and forms the basis of this lawsuit. This cause of action is maritime in nature as it pertained to the shipments of goods via vessel from a foreign port into the United States and the performance of those services had a direct, substantial, and necessary link to the operation, navigation, or management of vessels which were related to the shipping industry and commerce of the sea.

26. At all times material, personal jurisdiction over METAL CONVERSIONS for the following reasons:

    a.  Clause 22 of the SEABOARD bill of lading, which forms the basis of this claim between the Parties and freely entered into and binding on METAL CONVERSIONS as a Merchant, mandates that any and all disputes arising from the subject bill of lading shall only be brought and determined in the "United States District Court for the Southern District of Florida, in Miami, Florida to the exclusion of the jurisdiction of any other courts in the United States or the courts of any other country"; and as such the Parties irrevocably submits to the jurisdiction of the federal court sitting in Miami. This forum selection clause is the type that is regularly interpreted and enforced by Federal Courts applying admiralty and maritime law;

    b.  Upon information and belief, agents and/or representatives of METAL CONVERSIONS as part of its business of purchasing, shipping, and scrapping of metal nationwide had regular, systematic, and continuous contact within Florida and therefore, personal jurisdiction is properly exercised pursuant to *Fla. Stat. §48.193(2)* as agents and/or representatives for METAL CONVERSIONS were engaging in substantial and not isolated activities within the State of Florida.

    c.  METAL CONVERSIONS breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Florida and therefore is subject to jurisdiction in Florida under *Fla. Stat. §48.193(1)(a)(7).*

27. Venue is proper in this district under *28 U.S.C. §1391(c)* since METAL CONVERSIONS is subject to personal jurisdiction in this district for the following reasons:

    a. The SEABOARD bill of lading, which is the contract of carriage the governs the relationship between the Parties was fully or in part negotiated, consummated, and/or executed by representatives of METAL CONVERSIONS and SEABOARD in Miami-Dade County;

    b. METAL CONVERSIONS breached the terms and conditions of the SEABOARD bill of lading by failing to perform services, including the payments of monies within Miami-Dade County; and

    c. METAL CONVERSIONS engaged in regular, systematic and continuous activity with SEABOARD whose principle place of business is located in Miami-Dade County.

28. Further, or in the alternative, venue is proper under *28 U.S.C. §1391(d),* since an alien corporation, such as METAL CONVERSIONS, may be sued in any district.

29. Service is proper on the Florida Secretary of State under *Fla. Stat. §48.181* for the following reasons:

    a. METAL CONVERSION is a non-resident corporation engaging and conducting substantial and not isolated business activity (as specifically alleged in paragraph 26(b)) within the State of Florida.

    b. SEABOARD has diligently searched and has been unable to locate a registered agent nor any other designated agent and/or officers in the State of Florida to accept service of process for METAL CONVERSION.

30. All conditions precedent to bringing this action have been performed, satisfied or waived prior to filing this action. SEABOARD has retained the law firm of Blanck, Cooper & Hernandez, PA. to represent its interest in these proceedings and has obligated itself to pay the firm a reasonable attorneys' fee and court costs, which fees and costs are recoverable from METAL CONVERSIONS pursuant to paragraph 15 of the SEABOARD bill of lading and applicable law.

## **FACTUAL ALLEGATIONS**

31. SEABOARD incorporates and re-alleges each of the preceding paragraphs.

32. On or about May 2016, SEABOARD was contracted to transport via ocean carrier a container of aluminum dross from Puerto Limon, Costa Rica to Brooklyn, New York onboard the vessel *M/V MARAVIA*.

33. The aforementioned shipment was governed under the following bill of ladings: 4471272A/4471272A002 (attached hereto), which formed the contract of carriage between SEABOARD and the Defendants.

34. Pursuant to the terms and conditions of the SEABOARD bill of lading it defined a "Merchant" as:

> **the shipper, consignee, receiver, holder of this Bill of Lading, owner of the cargo or person entitled to the possession of the cargo and the servants and agents of any of these, all of whom shall be jointly and severally liable to the Carrier for the payment of all Charges, and for the performance of the obligations of any of them under this Bill of Lading.**

35. Accordingly, pursuant to bill of ladings: 4471272A/4471272A002, all the following Defendants are considered Merchants for the subject shipment: TERMINALES and CVG ALUMINIOS, as the identified shippers, and MAGNUM and METAL CONVERSIONS, who are listed as the consignees.

36. Upon the arrival of the *M/V MARAVIA* at the Red Hook Container Terminal ("RHCT") in Brooklyn, New York the subject cargo was discharged. Once the cargo was discharged it was inspected by various U.S. government agencies. During this inspection, it was uncovered that the subject cargo had been improperly declared, packaged, and stored in violation of numerous U.S. regulations by either the Merchants, their representatives and/or agents.

37. As a result of these violations the subject cargo was detained by the U.S. government and placed on hold for a significant period of time, which consisted of many months.

38. The subject cargo remained on hold for a significant period of time until the Defendants were able to modify the container to correct the deficiencies and move it off the RHCT.

39. During the time the subject cargo was on hold and being detained SEABOARD incurred numerous charges in the form of: detention charges; surveyor and inspector expenses, container replacement, and legal fees that amounted to at least $55,525.25.

40. Additionally, while the subject cargo was on hold and being detained RHCT incurred numerous charges in the form of: demurrage charges, storing related expenses, and legal fees that amounted to at least $88,145.00.

41. Accordingly, SEABOARD has received a demand from RHCT for the aforementioned losses and expenses of $88,145.00 allegedly incurred by RHCT in connection with the subject shipment.

42. Pursuant to Clause 1(g) within the SEABOARD bill of lading, which the Defendants, as the identified Merchants, are bound to are responsible and liable for monies due to and incurred by SEABOARD as result of the subject shipment:

14

> **[Merchants] shall be jointly and severally liable to the Carrier [SEABOARD] for the payment of all Charges, and for the performance of the obligations of any of them under this Bill of Lading.**

43. To date, the Defendants are in breach of Clause 1(g) as they have failed to make payment to SEABOARD for the costs and expenses incurred by SEABOARD although the Defendants, as the Merchants, are liable to SEABOARD for the payment of all charges pursuant to the SEABOARD bill of lading.

44. Furthermore, Clause 7(a) of the SEABOARD bill of lading mandates that the Defendants, as the Merchants, are responsible for making certain that the description, particulars, and representation of the cargo are correct, as evident by the following:

> The description and particulars of the Goods set out on the face hereof and any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant, and the Merchant warrants to the Carrier that the description, particulars and any representation made, including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.

45. SEABOARD's loss was caused in part because of Defendants breach of Clause 7(a) as they have failed in their description and representation of the cargo that caused it to be detained at a substantial cost to SEABOARD.

46. Additionally, Clause 7(b) of the SEABOARD bill of lading requires that the Defendants, as the Merchants, warrant that they have complied with all applicable laws, regulations, and requirements as mandated by the authorities and shall bear and pay all expenses for improper or insufficient identifications of the cargo as stated in the following:

> The Merchant warrants it has complied with all applicable laws, regulations and requirements of Customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particulars relative to the Goods.

47. SEABOARD's loss was caused in part because of Defendants breach of Clause 7(b) as they have failed to have complied with all applicable laws, regulations, and requirements for the subject shipment which resulted in the cargo being detained at a cost to SEABOARD.

48. Moreover, Clause 7(c) of the SEABOARD bill of lading mandates that the Defendants, as the Merchants, warrant that the cargo is packed adequately in compliance with all applicable laws based on the following:

> The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.

49. SEABOARD's loss was caused in part because of Defendants breach of Clause 7(c) as they did not adequately pack the subject cargo in compliance with applicable law which resulted in the cargo being detained at a cost to SEABOARD.

50. In addition, Clause 7(e) of the SEABOARD bill of lading require that the Defendants, as the Merchants, are liable to SEABOARD for all losses, including detention and demurrage caused by the Merchant as stated by the following:

> The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to, contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person (other than the Merchant) or vessel caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.

51. To date, the Defendants are in breach of Clause 7(e) as they have failed to make payment to SEABOARD for any losses incurred by them, including detention and demurrage for the subject shipment.

52. Pursuant to Clause 7(f) of the SEABOARD bill of lading the Defendants, as the Merchants, are required to defend, indemnify, and hold harmless SEABOARD against any loss arising from any breach of Clause 7 by the Merchants:

> **The Merchant shall defend, indemnify, and hold harmless the Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7 or from any cause in connection with the Goods for which the Carrier is not responsible.**

53. To date, the Defendants are in breach of Clause 7(f) as they have failed to, despite repeated demands, to defend, indemnify, and hold harmless SEABOARD against any loss, including the claims against SEABOARD from RHCT arising from the breach of Clause 7 by the Merchants for the subject shipment.

## COUNT I- CLAIM FOR CONTRACTUAL INDEMNITY AGAINST MAGNUM

54. SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

55. The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

56. The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

57. MAGNUM as a listed consignee on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

58. SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

17

59. That Clause 7(f) of the SEABOARD bill of lading states in part:

> **The Merchant shall defend, indemnify, and hold harmless the Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7 or from any cause in connection with the Goods for which the Carrier is not responsible.**

60. That despite the terms and conditions of the SEABOARD bill of lading, MAGNUM, as a Merchant, has failed and refused to defend, indemnify and hold harmless SEABOARD for their direct loss in the amount of at $55,525.25 and the claim against SEABOARD from RHCT in the amount of $88,145.00.

61. MAGNUM has materially breached its obligations to SEABOARD by its failure to rightfully defend, indemnify and hold harmless SEABOARD for any of the claims and losses sustained by them for the subject shipment.

62. As a direct result of MAGNUM's breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by MAGNUM.

63. SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

## COUNT II- CLAIM FOR CONTRACTUAL INDEMNITY AGAINST CVG ALUMINIOS

64. SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

65. The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

66. The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

67. CVG ALUMINIOS as a listed shipper on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

68. SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

69. That Clause 7(f) of the SEABOARD bill of lading states in part:

> **The Merchant shall defend, indemnify, and hold harmless the Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7 or from any cause in connection with the Goods for which the Carrier is not responsible.**

70. That despite the terms and conditions of the SEABOARD bill of lading, CVG ALUMINIOS, as a Merchant, has failed and refused to defend, indemnify and hold harmless SEABOARD for their direct loss in the amount of at $55,525.25 and the claim against SEABOARD from RHCT in the amount of $88,145.00.

71. CVG ALUMINIOS has materially breached its obligations to SEABOARD by its failure to rightfully defend, indemnify and hold harmless SEABOARD for any of the claims and losses sustained by them for the subject shipment.

72. As a direct result of CVG ALUMINIOS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest,

attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by CVG ALUMINIOS.

73. SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

## COUNT III- CLAIM FOR CONTRACTUAL INDEMNITY AGAINST TERMINALES

74. SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

75. The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

76. The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

77. TERMINALES as a listed shipper on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

78. SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

79. That Clause 7(f) of the SEABOARD bill of lading states in part:

> **The Merchant shall defend, indemnify, and hold harmless the Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7 or from any cause in connection with the Goods for which the Carrier is not responsible.**

80. That despite the terms and conditions of the SEABOARD bill of lading, TERMINALES, as a Merchant, has failed and refused to defend, indemnify and hold harmless SEABOARD for their direct loss in the amount of at $55,525.25 and the claim against SEABOARD from RHCT in the amount of $88,145.00.

81. TERMINALES has materially breached its obligations to SEABOARD by its failure to rightfully defend, indemnify and hold harmless SEABOARD for any of the claims and losses sustained by them for the subject shipment.

82. As a direct result of TERMINALES' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by TERMINALES.

83. SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

**COUNT IV- CLAIM FOR CONTRACTUAL INDEMNITY AGAINST METAL CONVERSIONS**

84. SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

85. The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

86. The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

87. METAL CONVERSIONS as a listed consignee on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

88. SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

89. That Clause 7(f) of the SEABOARD bill of lading states in part:

> **The Merchant shall defend, indemnify, and hold harmless the Carrier against any loss, damage, claim, liability or expense whatsoever arising from any breach of the provisions of this Clause 7 or from any cause in connection with the Goods for which the Carrier is not responsible.**

90. That despite the terms and conditions of the SEABOARD bill of lading, METAL CONVERSIONS, as a Merchant, has failed and refused to defend, indemnify and hold harmless SEABOARD for their direct loss in the amount of at $55,525.25 and the claim against SEABOARD from RHCT in the amount of $88,145.00.

91. METAL CONVERSIONS has materially breached its obligations to SEABOARD by its failure to rightfully defend, indemnify and hold harmless SEABOARD for any of the claims and losses sustained by them for the subject shipment.

92. As a direct result of METAL CONVERSIONS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by METAL CONVERSIONS.

93. SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill

of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

**COUNT V- CLAIM FOR BREACH OF CONTRACT AGAINST MAGNUM**

94. SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

95. The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

96. The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

97. MAGNUM as a listed consignee on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

98. SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

99. That Clause 7(a) of the SEABOARD bill of lading states in part:

> The description and particulars of the Goods set out on the face hereof and any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant, and the Merchant warrants to the Carrier that the description, particulars and any representation made, including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.

100.  That despite the terms and conditions of the SEABOARD bill of lading, MAGNUM, as a Merchant, failed in their description and representation of the cargo that caused it to be detained resulting in direct costs to SEABOARD in the amount of

at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

101.    MAGNUM has materially breached its obligations to SEABOARD under Clause 7(a) in its failure to properly describe and represent the cargo for the subject shipment that caused it to be detained at a cost to SEABOARD.

102.    As a direct result of MAGNUM's breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by MAGNUM.

103.    That Clause 7(b) of the SEABOARD bill of lading states in part:

> The Merchant warrants it has complied with all applicable laws, regulations and requirements of Customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particulars relative to the Goods.

104.     That despite the terms and conditions of the SEABOARD bill of lading, MAGNUM, as a Merchant, failed to have complied with all applicable laws, regulations, and requirements as mandated by the authorities resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

105.    MAGNUM has materially breached its obligations to SEABOARD under Clause 7(b) in its failure to comply with all applicable laws, regulations, and requirements as mandated by the authorities which resulted in the subject shipment being detained at a cost to SEABOARD.

106.     As a direct result of MAGNUM's breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by MAGNUM.

107.     That Clause 7(c) of the SEABOARD bill of lading states in part:

> The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.

108.     That despite the terms and conditions of the SEABOARD bill of lading, MAGNUM, as a Merchant, did not adequately pack the subject cargo in compliance with applicable law resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

109.     MAGNUM has materially breached its obligations to SEABOARD under Clause 7(c) in its failure to adequately pack the subject cargo in compliance with applicable law which resulted in the subject shipment being detained at a cost to SEABOARD.

110.     As a direct result of MAGNUM's breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by MAGNUM.

111.     That Clause 7(e) of the SEABOARD bill of lading states in part:

> The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to, contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person (other than the Merchant) or vessel caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.

112.    That despite the terms and conditions of the SEABOARD bill of lading, MAGNUM, as a Merchant, failed to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, which resulted in a direct cost to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

113.    MAGNUM has materially breached its obligations to SEABOARD under Clause 7(e) in its failure to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in a direct loss to SEABOARD.

114.    As a direct result of MAGNUM's breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by MAGNUM.

115.    SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

## COUNT VI- CLAIM FOR BREACH OF CONTRACT AGAINST CVG ALUMINIOS

116.    SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

117.    The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

118.    The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

119.    CVG ALUMINIOS as a listed shipper on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

120.    SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

121.    That Clause 7(a) of the SEABOARD bill of lading states in part:

> The description and particulars of the Goods set out on the face hereof and any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant, and the Merchant warrants to the Carrier that the description, particulars and any representation made, including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.

122.    That despite the terms and conditions of the SEABOARD bill of lading, CVG ALUMINIOS, as a Merchant, failed in their description and representation of the cargo that caused it to be detained resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

123.    CVG ALUMINIOS has materially breached its obligations to SEABOARD under Clause 7(a) in its failure to properly describe and represent the cargo for the subject shipment that caused it to be detained at a cost to SEABOARD.

124.    As a direct result of CVG ALUMINIOS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus

interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by CVG ALUMINIOS.

125.    That Clause 7(b) of the SEABOARD bill of lading states in part:

> The Merchant warrants it has complied with all applicable laws, regulations and requirements of Customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particulars relative to the Goods.

126.    That despite the terms and conditions of the SEABOARD bill of lading, CVG ALUMINIOS, as a Merchant, failed to have complied with all applicable laws, regulations, and requirements as mandated by the authorities resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

127.    CVG ALUMINIOS has materially breached its obligations to SEABOARD under Clause 7(b) in its failure to comply with all applicable laws, regulations, and requirements as mandated by the authorities which resulted in the subject shipment being detained at a cost to SEABOARD.

128.    As a direct result of CVG ALUMINIOS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by CVG ALUMINIOS.

129.    That Clause 7(c) of the SEABOARD bill of lading states in part:

> The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.

130.     That despite the terms and conditions of the SEABOARD bill of lading, CVG ALUMINIOS, as a Merchant, did not adequately pack the subject cargo in compliance with applicable law resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

131.     CVG ALUMINIOS has materially breached its obligations to SEABOARD under Clause 7(c) in its failure to adequately pack the subject cargo in compliance with applicable law which resulted in the subject shipment being detained at a cost to SEABOARD.

132.     As a direct result of CVG ALUMINIOS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by CVG ALUMINIOS.

133.     That Clause 7(e) of the SEABOARD bill of lading states in part:

> The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to, contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person (other than the Merchant) or vessel caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.

134.     That despite the terms and conditions of the SEABOARD bill of lading, CVG ALUMINIOS, as a Merchant, failed to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

135.    CVG ALUMINIOS has materially breached its obligations to SEABOARD under Clause 7(e) in its failure to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in a direct loss to SEABOARD.

136.    As a direct result of CVG ALUMINIOS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by CVG ALUMINIOS.

137.    SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

## COUNT VII- CLAIM FOR BREACH OF CONTRACT AGAINST TERMINALES

138.    SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

139.    The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

140.    The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

141.    TERMINALES as a listed shipper on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

142.    SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

143.    That Clause 7(a) of the SEABOARD bill of lading states in part:

> The description and particulars of the Goods set out on the face hereof and any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant, and the Merchant warrants to the Carrier that the description, particulars and any representation made, including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.

144.    That despite the terms and conditions of the SEABOARD bill of lading, TERMINALES, as a Merchant, failed in their description and representation of the cargo that caused it to be detained resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

145.    TERMINALES has materially breached its obligations to SEABOARD under Clause 7(a) in its failure to properly describe and represent the cargo for the subject shipment that caused it to be detained at a cost to SEABOARD.

146.    As a direct result of TERMINALES' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by TERMINALES.

147.    That Clause 7(b) of the SEABOARD bill of lading states in part:

> The Merchant warrants it has complied with all applicable laws, regulations and requirements of Customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particulars relative to the Goods.

148.    That despite the terms and conditions of the SEABOARD bill of lading, TERMINALES, as a Merchant, failed to have complied with all applicable laws, regulations, and requirements as mandated by the authorities resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

149.    TERMINALES has materially breached its obligations to SEABOARD under Clause 7(b) in its failure to comply with all applicable laws, regulations, and requirements as mandated by the authorities which resulted in the subject shipment being detained at a cost to SEABOARD.

150.    As a direct result of TERMINALES' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by TERMINALES.

151.    That Clause 7(c) of the SEABOARD bill of lading states in part:

> The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.

152.    That despite the terms and conditions of the SEABOARD bill of lading, TERMINALES, as a Merchant, did not adequately pack the subject cargo in compliance with applicable law resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

153.    TERMINALES has materially breached its obligations to SEABOARD under Clause 7(c) in its failure to adequately pack the subject cargo in compliance with

applicable law which resulted in the subject shipment being detained at a cost to SEABOARD.

154.     As a direct result of TERMINALES' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by TERMINALES.

155.     That Clause 7(e) of the SEABOARD bill of lading states in part:

> The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to, contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person (other than the Merchant) or vessel caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.

156.      That despite the terms and conditions of the SEABOARD bill of lading, TERMINALES, as a Merchant, failed to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

157.     TERMINALES has materially breached its obligations to SEABOARD under Clause 7(e) in its failure to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in a direct loss to SEABOARD.

158.     As a direct result of TERMINALES' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by TERMINALES.

159.    SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

### COUNT VIII- CLAIM FOR BREACH OF CONTRACT AGAINST METAL CONVERSIONS

160.    SEABOARD incorporates and re-alleges each of the preceding paragraphs as if set forth herein at length.

161.    The SEABOARD bill of lading for the subject shipment was a valid and enforceable contract.

162.    The consideration set forth in the SEABOARD bill of lading, which was that SEABOARD would ship the subject cargo for an agreed upon price was fair and reasonable.

163.    METAL CONVERSIONS as a listed consignee on the SEABOARD bill of lading is considered a Merchant pursuant to the terms and conditions of the SEABOARD bill of lading.

164.    SEABOARD has substantially satisfied all conditions and promises required on its part to be performed in accordance with the terms and conditions of the SEABOARD bill of lading.

165.    That Clause 7(a) of the SEABOARD bill of lading states in part:

The description and particulars of the Goods set out on the face hereof and any description, particular or other representation appearing on the Goods or documents relating thereto are furnished by the Merchant, and the Merchant warrants to the Carrier that the description, particulars and any representation made, including, but not limited to, weight, content, measure, quantity, quality, condition, marks, numbers and value are correct.

166.    That despite the terms and conditions of the SEABOARD bill of lading, METAL CONVERSIONS, as a Merchant, failed in their description and representation of the cargo that caused it to be detained resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

167.    METAL CONVERSIONS has materially breached its obligations to SEABOARD under Clause 7(a) in its failure to properly describe and represent the cargo for the subject shipment that caused it to be detained at a cost to SEABOARD.

168.    As a direct result of METAL CONVERSIONS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by METAL CONVERSIONS.

169.    That Clause 7(b) of the SEABOARD bill of lading states in part:

   The Merchant warrants it has complied with all applicable laws, regulations and requirements of Customs, port and other authorities and shall bear and pay all duties, taxes, fines, imposts, expenses and losses incurred or suffered by reason thereof or by reason of any illegal, incorrect or insufficient marking, numbering, addressing or any other particulars relative to the Goods.

170.    That despite the terms and conditions of the SEABOARD bill of lading, METAL CONVERSIONS, as a Merchant, failed to have complied with all applicable laws, regulations, and requirements as mandated by the authorities resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

171.    METAL CONVERSIONS has materially breached its obligations to SEABOARD under Clause 7(b) in its failure to comply with all applicable laws, regulations, and

requirements as mandated by the authorities which resulted in the subject shipment being detained at a cost to SEABOARD.

172.     As a direct result of METAL CONVERSIONS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by METAL CONVERSIONS.

173.     That Clause 7(c) of the SEABOARD bill of lading states in part:

> The Merchant further warrants that the Goods are packed in a manner adequate to withstand the ordinary risks of Carriage having regard to their nature and in compliance with all laws, regulations and requirements which may be applicable.

174.      That despite the terms and conditions of the SEABOARD bill of lading, METAL CONVERSIONS, as a Merchant, did not adequately pack the subject cargo in compliance with applicable law resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

175.     METAL CONVERSIONS has materially breached its obligations to SEABOARD under Clause 7(c) in its failure to adequately pack the subject cargo in compliance with applicable law which resulted in the subject shipment being detained at a cost to SEABOARD.

176.     As a direct result of METAL CONVERSIONS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by METAL CONVERSIONS.

177.    That Clause 7(e) of the SEABOARD bill of lading states in part:

The Merchant shall be liable for all loss or damage of any kind whatsoever, including but not limited to, contamination, soiling, detention and demurrage before, during and after the Carriage of property (including but not limited to Containers) of the Carrier or any person (other than the Merchant) or vessel caused by the Merchant or any person acting on its behalf or for which the Merchant is otherwise responsible.

178.    That despite the terms and conditions of the SEABOARD bill of lading, METAL CONVERSIONS, as a Merchant, failed to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in direct costs to SEABOARD in the amount of at least $55,525.25 and a claim against SEABOARD from RHCT in the amount of $88,145.00.

179.    METAL CONVERSIONS has materially breached its obligations to SEABOARD under Clause 7(e) in its failure to make payment to SEABOARD for any losses incurred by them, including detention and demurrage, resulting in a direct loss to SEABOARD.

180.    As a direct result of METAL CONVERSIONS' breach of the SEABOARD bill of lading, SEABOARD has suffered and will likely continue to suffer damages, plus interest, attorneys' fees, and costs as provided under the terms of the SEABOARD bill of lading, all of which should be reimbursed by METAL CONVERSIONS.

181.    SEABOARD has retained the law office of Blanck, Cooper & Hernandez, P.A. and agreed to pay them a reasonable fee.  Pursuant to Clause 15 of the SEABOARD bill of lading SEABOARD is entitled to collect its costs of collection, including reasonable attorneys' fees.

WHEREFORE, for the above reasons, the Plaintiff SEABOARD MARINE LTD., INC. prays that Defendants, MAGNUM FREIGHT CORP., METAL CONVERSIONS

LTD. d/b/a METAL SOURCE LLC., CVG ALUMINIOS NACIONALES S.A., and TERMINALES Y ENTREGAS INTERNACIONALES S.A. be obligated as a matter of law to defend, indemnify, and hold harmless SEABOARD MARINE LTD., INC.  for any damages sustained, including direct damages of at least $55,525.55 and RHCT's claim against SEABOARD MARINE LTD., INC. for at least $88,145.00, and SEABOARD MARINE LTD., INC. be entitled to recover from the Defendants damages, including attorneys' fees and costs, sustained as a result of the Defendants material breach of the SEABOARD MARINE LTD., INC. bill of lading, and such other and further relief as this Court may deem just and proper.

Dated this _17th ___day of __May_____, 2017.


                                    BLANCK, COOPER & HERNANDEZ, P.A.
                                    5730 S.W. 74th Street, Suite #700
                                    Miami, Florida 33143
                                    Telephone:  (305) 663-0177
                                    Facsimile:   (305) 663-0146

                        **By:_____//S// Robert W. Blanck, Esq._____**
                                    Robert W. Blanck, Esquire
                                    Florida Bar No: 311367
                                    Email: rblanck@shiplawusa.com
                                    Jonathan Hernandez, Esquire
                                    Florida Bar No: 069047
                                    Email: jhernandez@shiplawusa.com
                                    Attorneys for SEABOARD MARINE LTD., INC.


7718/Complaint