United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Seaboard Marine Ltd., Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-00000-Civ-Scola |
| | ) |
| | ) **In Admiralty** |
| Magnum Freight Corp., and others, | ) |
| Defendants. | ) |

### Order Regarding Motion for Alternate Service

Seaboard asks the Court: for authorization to serve Defendants CVG Aluminos and Terminales via international mail; to allow Seaboard fourteen days to serve both Defendants through international mail; and to allow Seaboard to file a copy of the international mail "proof of signature," or a substantially equivalent document, as proof of service. (Pl.'s Mot., ECF No. 41.) For the reasons that follow, Seaboard's motion (**ECF No. 41**) is **granted in part**.

Federal Rule of Civil Procedure 4(h)(2) authorizes service on a foreign corporation under the methods set forth in Rule 4(f) for individuals. Rule 4(f)(1), in turn, provides that an individual may be served outside of the United States "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." "Article 10(a) of the Hague Convention provides that the 'Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad,' provided that the destination country does not object." *Ghostbed, Inc. v. Casper Sleep, Inc.,* 315 F.R.D. 689, 691–92 (S.D. Fla. 2016) (Snow, J.). The documents attached to Seaboard's motion seem to show that Costa Rica is a contracting party of the Hague Convention, and has not objected to Article 10(a) (Ex. 2, Pl.'s Mot., ECF No. 41-2), rendering service via postal channels an apparently valid method of service in Costa Rica. "[A]s several other judges in this district have . . . recognized, where the destination country does not object, service to individuals abroad can be made via postal channel (such as international mail) under Federal Rule of Civil Procedure 4(f)(1)." *Ghostbed*, 315 F.R.D. at 692 (citing, among other cases, *Tracfone Wireless v. Hernandez,* 126 F. Supp. 3d 1357, 1362 (S.D. Fla. 2015) (Martinez, J.) which permitted service of process by mail to Belize, a non-member party to the Hague Convention which did not object to the provision permitting service by mail). Thus, to the extent Seaboard seeks to serve CVG Aluminos and Terminales in compliance with Rule 4(f)(1), authorization from the Court is not necessary.

To the extent, however, Seaboard believes that service via international mail, for example, through FedEx, on a company in Costa Rica requires the Court's permission via Rule 4(f)(3), the Court so authorizes. It appears service of process via international mail in Costa Rica would be an efficient and effective way to provide CVG Aluminos and Terminales with notice of this action and that it is not prohibited by international agreement. Thus, to the extent necessary, the Court grants Seaboard's motion for alternate service under Rule 4(f)(3). *Tracfone*, 126 F. Supp. 3d at 1365 (finding service via FedEx on a Belizean individual proper under Rule 4(f)(3)).

If Seaboard serves CVG Aluminos and Terminales under Rule 4(f)(3), pursuant to this order, 4(l)(2)(B) provides that proof of service outside of the United States under Rule 4(f)(3) must be proven by "a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Filing a copy of an international mail "proof of signature," or substantially equivalent document, would fulfill this requirement. If Seaboard serves Aluminos and Terminales under Rule 4(f)(1), on the other hand, then Rule 4(l)(2)(A) requires Seaboard to prove service "as provided in the applicable treaty or convention."

Seaboard is advised, in keeping with Rule 4(m), that the Court will dismiss Defendants CVG Aluminos or Terminales from this case without prejudice unless the Plaintiff timely serves them by August 15, 2017, or establishes with the Court—before this deadline—that good cause exists for its failure to do so. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant.").

**Done and ordered**, at Miami, Florida, on July 31, 2017.

_____
Robert N. Scola, Jr.
United States District Judge