United States District Court
for the
Southern District of Florida

Seaboard Marine Ltd., Inc., Plaintiff,  )

v.

Magnum Freight Corp., and others,
Defendants.

)
)
)
)
)
)
)

Civil Action No. 17-21815-Civ-Scola

**In Admiralty**

### Order Granting Motion for Alternate Service

Plaintiff Seaboard Marine Ltd., Inc. asks the Court for authorization to serve Defendant Terminales Y Entregas Internacionales S.A. via email and to file a confirmation of email delivery as proof of service. (Pl.'s Mot., ECF No. 48.) For the reasons that follow, Seaboard's motion (**ECF No. 48**) is **granted**.

Federal Rule of Civil Procedure 4(h)(2) authorizes service on a foreign corporation under the methods set forth in Rule 4(f) for individuals. Rule 4(f)(3), in turn, provides that the Court may direct service to be effected by any "means not prohibited by international agreement." Despite coming last in the list of available methods of service in Rule 4(f), there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy. *See Brookshire Bros., Ltd. v. Chiquita Brands, Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (Cooke, J.) ("Rule 4(f) gives litigants choices for acceptable methods of service . . . . The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief."); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections . . . and certainly . . . includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means."). Thus, so long as the requested means is not prohibited by international agreement, a court has discretion to determine that the alternative means of service is appropriate pursuant to Rule 4(f)(3). Here, the Court finds that service via email is not prohibited by international agreement.

However, "alternate methods of service under Rule 4(f)(3) must still fulfill due process requirements." *Chanel, Inc. v. Zhixian*, No. 10- 60585-CIV, 2010 WL 1740695, at *2 (S.D. Fla. Apr. 29, 2010) (Cohn, J.) (citing *Chanel, Inc. v. Lin,* No 08-23490-CIV, 2009 WL 1034627 (S.D. Fla. Apr. 16, 2009) (King, J.). The United States Supreme Court, discussing the due process rationale behind Rule 4, stated that due process requires that notice be

reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Zhixian,* 2010 WL 1740695, at *3 (citing *Mullane* as providing due process standard for alternative service under Rule 4(f)(3)); *Lin,* 2009 WL 1034627*,* at *2 (same); *Brookshire,* 2007 WL 1577771, at *1 (same). Exercising this standard, federal courts have allowed a wide array of methods of service. *See U.S. Commodity Futures Trading Comm'n v. Aliaga,* 272 F.R.D. 617, 621 (S.D. Fla. 2011) (Cooke, J.) (authorizing service via email and local counsel pursuant to Rule 4(f)(3)); *TracFone Wireless v. Distelec Distribuciones Electronics, S.A. de DV,* 268 F.R.D. 687, 690–91(S.D. Fla. 2010) (Ungaro, J.) (authorizing service via FedEx pursuant to Rule 4(f)(3) where not expressly prohibited by Honduran law); *Zhixian,* 2010 WL 1740695, at *3 (authorizing service via email pursuant to Rule 4(f)(3)); *Brookshire,* 2007 WL 1577771, at *1 (upholding authorization of service through local counsel); *In re Int'l Telemedia Assoc.,* 245 B.R. 713, 719–20 (Bankr. N.D. Ga. 2000) (authorizing service via mail, fax, and email pursuant to Rule 4(f)(3)).

As to the due process requirements, federal courts in this District and others have authorized service via email pursuant to Rule 4(f)(3). *See Commodity Futures,* 272 F.R.D. at 621 (authorizing service via email pursuant to Rule 4(f)(3) where plaintiff attempted service by other means and confirmed email addresses); *Zhixian,* 2010 WL 1740695, at *3 (authorizing service via email pursuant to Rule 4(f)(3) where emails did not automatically bounce back); *see also Rio Props.,* 284 F.3d at 1017 (finding email service pursuant to Rule 4(f)(3) permissible and meeting due process standard where defendant indicated preference for email communication and where email was determined to be method most likely to reach defendant); *Xcentric Ventures, LLC v. Karsen, Ltd.,* No. 11-1055, 2011 WL 3156966, at *2 (D. Ariz. Jul. 26, 2011) (authorizing email service pursuant to Rule 4(f)(3)).

Seaboard has attached documentation showing that there have been multiple communications with Terminales representative Cristobal Vega via the email address cvega@teisacr.com. (Pl.'s Mot., Ex. 3, ECF No. 48-3.) Seaboard represents, and Terminales has not presented any opposition, that Vega is indeed a representative of Terminales. Further, Terminales appears to have been evading service and has refused to accept service via FedEx delivery. Under these

circumstances, the Court finds it appropriate to exercise its discretion under Fed. R. Civ. P. 4(f)(3) and allow service of process on Terminales via email. The Court further grants Seaboard permission to file an email delivery confirmation, under Fed. R. Civ. P. 4(l)(2)(B), as proof of service.

**Done and ordered**, at Miami, Florida, on September 21, 2017.

Robert N. Scola, Jr.
United States District Judge